UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GEORGE ELIAS,

    Plaintiff,

v.

    Civil Case No. 17-14033
    Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 26, 2019 REPORT AND RECOMMENDATION [ECF NO. 16]; (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]; AND (4) REMANDING MATTER TO THE COMMISSIONER</u>**

Plaintiff filed this lawsuit on December 14, 2017, challenging Defendant's final decision denying his application for benefits under the Social Security Act. The following day, the matter was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 13, 14.)

On January 26, 2019, Magistrate Judge Davis issued an R&R in which she recommends that this Court grant Plaintiff's motion, deny Defendant's motion, and remand the matter to the Commissioner for further proceedings. (R&R, ECF No. 16.) Magistrate Judge Davis finds two errors for which she finds a remand necessary. First, the Administrative Law Judge did not expressly determine that Plaintiff's residual functional capacity ("RFC") fell between the sedentary and light sedentary levels. (*Id.* at 18, 20, Pg ID 426, 428.) Second, Magistrate Judge Davis finds an inconsistency between the two-hour standing/walking limitation in Plaintiff's RFC and the light work the ALJ concluded Plaintiff could perform which requires frequent lifting or carrying, which in turn means standing for up to two-thirds of the workday (i.e. over two hours). (*Id*. at 20-24, Pg ID 428-33.)

At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 26, Pg ID 434.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) The Commissioner filed objections to the R&R on January 31, 2019. (ECF No. 17.)

The Court has carefully reviewed the record, Magistrate Judge Davis' R&R, and the Commissioner's objections. For the reasons set forth in the R&R, the

Court rejects the Commissioner's objections, adopts the R&R, and is remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 13) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 14) is **DENIED**;

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 28, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury
Case Manager